JOURNAL ENTRY AND OPINION
Manuel Garcia appeals his sentence following his guilty pleas to abduction and two counts of gross sexual imposition, contending the court erred by imposing maximum consecutive sentences and by failing to consider the factors relevant to his likelihood of recidivism before imposing sentence. Having reviewed the briefs of counsel, the record, and the law, we have concluded these contentions are not well taken and that no leave has been properly requested for this appeal. Accordingly, it is dismissed.
The record in this case reveals that on the morning of January 5, 1998, Garcia, who lived as a guest in the home of the Cruz family on Bridge Avenue in Cleveland, sexually abused their nine-year-old son. On January 15, 1998, the grand jury indicted Garcia for one count of kidnaping, one count of attempted rape, and two counts of gross sexual imposition, arising out of the incident.
On April 24, 1998, Garcia pled guilty to abduction and two counts of gross sexual imposition, and the court sentenced him to consecutive terms of four years incarceration on each count.
Garcia now appeals this sentence and presents four assignments of error. The first states:
I.
 THE COURT ERRED IN IMPOSING THE MAXIMUM PRISON TERM WHEN TWO OR MORE OF THE OFFENSES AROSE OUT OF THE SAME INCIDENT.
In this assignment of error, Garcia argues that the court erred in imposing the maximum sentence on each count because the offenses arose out of the same incident. The state maintains the court did not err on this basis because the court did not impose the maximum sentence. The issue before us, then, is whether the court imposed the maximum sentence in this case.
The record here reflects Garcia pled guilty to one count of abduction and two counts of gross sexual imposition, each felonies of the third degree. R.C. 2929.14 (A) (3) provides:
 For a felony of the third degree, the prison term shall be one, two, three, four, or five years.
Hence, when the court imposed a four year sentence on each count, it did not impose the maximum sentence on any of the three counts. Accordingly, this assignment of error is not well taken and it is overruled.
Garcia's second and third assignments of error concern the issue of maximum and consecutive sentences and state:
II.
 THE TRIAL COURT ERRED IN IMPOSING MAXIMUM TERMS ON ALL COUNTS AND CONSECUTIVE PRISON TERMS ON COUNTS.
III.
 THE TRIAL COURT ERRED IN FAILING TO MAKE A FINDING GIVING REASONS FOR THE MAXIMUM SENTENCE IMPOSED AND CONSECUTIVE TERMS.
In addition to Garcia's argument concerning the maximum sentences, Garcia further argues the court erred by imposing consecutive sentences on each count. The state maintains that Garcia has waived his right to appeal consecutive sentences because he has not sought leave to do so. The issue before us, then; is whether Garcia may appeal from the consecutive sentences the trial court imposed upon him.
R.C. 2953.08 provides for appeals from consecutive sentences, and it states in relevant part:
 (C) * * * a defendant who is convicted of or pleads guilty to a felony may seek leave to appeal a sentence imposed upon the defendant on the basis that the sentencing judge has imposed consecutive sentences * * * and that the consecutive sentences exceed the maximum prison term allowed by division (A) of that section for the most serious offense of which the defendant was convicted. Upon the filing of a motion under this division, the court off appeals may grant leave to appeal
the sentence if the court determines that the allegation included as the basis of the motion is true. (Emphasis added).
Our review of the docket and the record in this case reveals Garcia never sought leave to appeal his consecutive sentence, and this court never granted him leave to appeal on this basis. In accordance with our determination in Garcia's first assignment of error, the trial court did not impose a maximum sentence, thus, this does not present an appeal as of right. Thus, this appeal is not properly before the court. Accordingly, these assignments of error are not well taken, they are overruled, and we shall dismiss this appeal.
Garcia's fourth assignment of error states:
IV.
 THE TRIAL COURT ERRED IN FAILING TO MAKE A RECIDIVISM DETERMINATION UNDER R.C. 2929.12.
Because our determination on Garcia's first three assignments of error renders moot the remaining assignment of error, we decline to consider it. See App.R. 12 (A) (1) (c).
Appeal dismissed.
It is ordered that appellee recover of appellant costs herein taxed.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
ANN DYKE, P.J., and ANNE T. KILBANE, J., CONCUR
 ______________________ JUDGE TERRENCE O'DONNELL